UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MAHALIA E. DANIEL,<br><br>             Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>             Defendant. | No. CV 06-01683-VBK<br><br>MEMORANDUM OPINION AND ORDER<br><br>(Social Security Case) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified Administrative Record ("AR"). After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

    The Court will first address Plaintiff's request that a portion

of the AR should be stricken (see Joint Stipulation ["JS"] at 3). Plaintiff references those portions of the AR which are relevant to a prior decision of this Court affirming the Commissioner's denial of disability benefits, in Daniel v. Barnhart, Case No. CV 05-10022-VBK.[1] That decision concerned an earlier claim which alleged a disability onset date of September 15, 2000. (AR 85.)  The application was denied by the decision of an Administrative Law Judge ("ALJ") issued May 16, 2003. (AR 504-513.)  No appeal was filed from this Court's dismissal of the prior claim.  Rather, Plaintiff filed a new application on July 14, 2003, alleging an onset date of May 17, 2003, one day following the prior ALJ's decision. (AR 529-537.)  In asking the Court to strike portions of the AR pertaining to the prior application, Plaintiff disagrees with certain references in the current ALJ decision to the doctrine of res judicata.  Plaintiff misapprehends the ALJ's references to res judicata.  In fact, the ALJ specifically articulated that there was an absence of evidence to reject or reopen the findings and opinions in the prior decision. (AR 470.)  Thus, the doctrine of res judicata was only applied to the period of alleged disability which was covered by the prior disability application (Id.); however, the ALJ here did find that there has been a change in Plaintiff's condition since the prior decision. (AR 476.)  Thus, it was determined that Plaintiff's residual functional capacity ("RFC") now was more favorably adjudicated, permitting her to do light exertional work. (AR 478, Finding 6.)  Simply put, the current decision does not disturb the prior finding that Plaintiff was able to perform medium exertional work through the date of that decision, May 16, 2003.  The ALJ did not

---

[1] The Court may take judicial notice of its own files.  See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

erroneously rely on the prior findings; indeed, unless the ALJ did reference the prior record, there would be no factual basis upon which to find a change in Plaintiff's condition.  For this reason, Plaintiff's Motion to Strike will be denied.

Plaintiff's first substantive issue asserts that the ALJ erred in refusing to order a psychological consultative examination ("CE").  At the close of the hearing, Plaintiff's prior counsel made such a request. (AR 987.)  In the decision, this request was denied based on the following reasoning:

> "The [Plaintiff] has access to mental health care though [sic] Kaiser Permanente.  If she or her doctors believed that she has a severe medically determinable mental impairment that limits her functioning and that warrants treatment, such treatment would have been considered, she would have been evaluated, and she would have been treated.  The only evidence relative to the [Plaintiff's] alleged psychiatric disability is her testimony that she saw a mental health professional in January 2005, and a similar report by her to Dr. Yee in January 2005.  The doctors who treat the [Plaintiff's] alleged physical problems have not asserted that the [Plaintiff] exhibits severe mental abnormalities.  The [Plaintiff] has not, therefore, presented evidence that she has a medically determinable impairment, that she has a medically determinable mental impairment that is severe, or that she has a medically determinable mental impairment that is severe for 12 continuous months with treatment.  The record was left open for the representative to submit evidence to support the

1    allegation of disabling mental illness, but none was
2    submitted."
3 (AR 472-473.)

5     After the hearing, Plaintiff's prior counsel did submit some
6 records from Kaiser Permanente (AR 897-937), which are referenced in
7 the ALJ's decision. (AR 475-476.)  Before final action of the Appeals
8 Council, Plaintiff's prior counsel obtained and submitted records from
9 Kaiser Permanente (AR 938-959) which, as Plaintiff notes, set forth a
10 diagnostic impression of adjustment disorder with depressed mood. (AR
11 950.)  Later records indicate that on Axis I, depressive order NOS was
12 ruled out. (AR 953.)
13     Plaintiff also notes the psychiatric CE of Dr. Paculdo (AR 861-
14 863), which on Axis I diagnoses depression NOS. (AR 863.)  She also
15 argues that these diagnoses are consistent with that of Dr. Curtis,
16 whose report was considered as part of the prior claim. (AR 749-773.)
17 Thus, Plaintiff argues that she has passed the <u>de minimus</u> screening
18 test of <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996) and that
19 the evidence does demonstrate that she has a severe mental impairment.[2]
20     The Court disagrees that the ALJ was under an obligation to order
21 a CE following the hearing.
22     The applicable regulation, 20 C.F.R. §404.1519(b) provides that
23 a consultative examination will be ordered "when the evidence as a
24 whole, both medical and non-medical, is not sufficient to support a
25 decision on your claim."  The question of whether to obtain a CE is

---

[2] Thus, Plaintiff's first issue, asserted error in the failure to order a psychological CE, also incorporates her contention that she has a severe mental impairment.  Both arguments will be addressed in the context of Issue No. 1.

4

related to the ALJ's duty to develop the record when necessary. This duty was articulated by the Ninth Circuit in <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ may utilize appropriate means to develop the record, including subpoenaing physicians, submitting further questions to them, or continuing the hearing to augment the record. <u>See</u> <u>Smolen</u>, 80 F.3d at 1288. An examination of this record indicates that the ALJ discharged her regulatory and case-mandated obligations. A psychiatric CE was ordered. (<u>See</u> AR at 861-863.) Furthermore, as suggested in <u>Smolen</u>, the ALJ did leave the record open for 30 days after the conclusion of the hearing for the submission of additional evidence (AR 986, 988-989), and indeed, as the Court has observed from the AR, additional treatment records were submitted both following the hearing, and while the case was pending before the Appeals Council. The ALJ also considered the report of the State Agency psychiatrist who reviewed the record. (AR 861-863, 871-884.) Thus, the Court finds no validity in Plaintiff's claim that yet another CE should have been ordered to assess Plaintiff's mental state.

With regard to whether or not the ALJ erred in finding no severe mental impairment, the Court notes that the ALJ substantially relied upon the CE of Dr. Paculdo (AR 473) and the opinion of the State Agency psychiatric consultant. (<u>Id</u>.) The CE, although noting an Axis I diagnosis of depression NOS, included a mental status examination which found absolutely no limitations in Plaintiff's functioning. Clearly, it is not the diagnosis of a physician which <u>ipso</u> <u>facto</u> equates to a finding of a severe impairment; rather, it is a functional assessment which the Commissioner must make based on such reports. Here, Plaintiff references evidence from Kaiser Permanente

which was submitted after the oral hearing. In particular, a family medicine physician, Dr. Yee, saw Plaintiff on two occasions (December 2004 and January 2005), making a notation of "depression" and recording Plaintiff's statement that she had seen a psychiatrist. (AR 475, 900, 901.) The intake notes of December 28, 2004 (AR 947-950) fail to substantiate even a <u>de</u> <u>minimus</u> finding of functional limitations sufficient to satisfy a criteria for severe impairment.

The Court notes that Plaintiff relies upon a psychiatric report of Dr. Curtis from October 24, 2002 as substantiating the existence of a severe mental impairment; however, this Court already disposed of that matter in its prior Memorandum Opinion, in particular, upholding the Commissioner's rejection of Dr. Curtis' opinion.

Finally, the ALJ's assessment of Plaintiff's credibility, which found Plaintiff to be less than fully credible (AR 476-477), is pertinent to the mental impairment issue. Plaintiff had asserted that she suffered from severe depression, but the ALJ's credibility finding, which Plaintiff does not challenge, effectively negates the relevance of that subjective complaint.

For these reasons, the Court finds that the ALJ sufficiently developed the record, was under no obligation to order a second CE pertaining to mental health concerns, and finally, did not err in determining that Plaintiff did not suffer from a severe mental impairment.

Plaintiff's second issue is that the ALJ did not properly reject the opinion of her treating physician, Dr. Yee. In particular, Plaintiff refers to a "medical source statement" which Dr. Yee completed (AR 895-896), in which he finds that Plaintiff cannot carry a weight up to ten pounds, and is precluded from repetitive use of her

hands for simple grasping, pushing and pulling, and fine manipulation. (AR 895.)  Plaintiff asserts that the ALJ's rejection of Dr. Yee's assessment is based on a characterization that it is a "check-off form." (See AR at 474, 475.)  Plaintiff further argues that the ALJ misunderstood Dr. Yee's opinion, especially in view of the ALJ's recitation which includes a reference to Dr. Yee's claim that Plaintiff cannot use either hand. (AR 475.)  Plaintiff asserts that this misapprehends Dr. Yee's assessment that Plaintiff is only precluded from certain repetitive actions.  Reading the decision in context, however, the Court does not agree with Plaintiff's conclusion.  Plaintiff's reference to the quoted portion of the opinion oversimplifies the ALJ's analysis.  Indeed, the legal standard is whether the ALJ provided specific and legitimate reasons for rejecting Dr. Yee's opinion.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  The entirety of the ALJ's discussion indicates that numerous reasons were evaluated. (AR 475-476.)  These are well-summarized by the Commissioner in her portion of the JS, and include the following:

1. No longitudinal basis for the opinion, since Dr. Yee examined Plaintiff on only two occasions;
2. That Dr. Yee's functional assessment was unsupported by the record;
3. That Dr. Yee's opinion was inconsistent with the record as a whole;
4. That Dr. Yee is not a specialist but rather a family practitioner;
5. That Plaintiff's lack of credibility is also relevant.

(See JS at 26.)

1      The Court finds that each of these reasons has support in the record. Dr. Yee's brief experience as Plaintiff's doctor is, indeed, a relevant factor in terms of the weight to be accorded to his opinion. (See 20 C.F.R. §§404.1527(d)(2)(i); (d)(2)(ii). In addition, and considering the fact that Dr. Yee had only seen Plaintiff twice, his check-off form was not entitled to very much consideration, especially in view of the fact that portions of it were not even completed, in addition to the fact that it is not apparently supported by objective testing, clinical findings, or the like. See Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). Further, Dr. Yee's opinion was inconsistent with the record, in that there are absolutely no other functional findings consistent with those of Dr. Yee, nor are there any apparent findings which would support such functional limitations. Further, Dr. Yee's lack of specialization is one relevant factor. See 20 C.F.R. §404.1527(d)(5).

       For these reasons, the Court finds no error in the ALJ's determination of Plaintiff's RFC, and in particular, no error in the ALJ's decision to disregard Dr. Yee's conclusions which would be relevant to a finding of RFC. Essentially, Plaintiff's complaint about the ALJ's asserted misinterpretation of Dr. Yee's opinion, which relies upon one isolated phrase in the ALJ's decision concerning Dr. Yee, is essentially semantic, not substantive.

//
//
//
//
//
//

For the foregoing reasons, the Commissioner's decision will be affirmed, and the matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: December 19, 2006

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE